**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number:  **09-03719-hb**
Adversary Proceeding Number:  **11-80143-hb**

**ORDER**

The relief set forth on the following pages, for a total of 15 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**02/01/2012**



US Bankruptcy Judge
District of South Carolina

Entered: 02/01/2012

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Outdoor RV and Marine, LLC, a Limited Liability Co,<br><br>                                          Debtor(s). | C/A No. 09-03719-HB<br><br>Adv. Pro. No. 11-80143-HB<br><br>Chapter 7<br><br>**ORDER** |
| W. Ryan Hovis, Trustee,<br><br>                                          Plaintiff(s),<br><br>v.<br><br>Harry A. Swagart,<br><br>                                          Defendant(s). | |

Chapter 7 Trustee W. Ryan Hovis, Plaintiff, asserts that Defendant Harry A. Swagart should return certain moneys allegedly paid to him by the Debtor for legal services because they were not for work performed on behalf of the Debtor. Alternatively, Plaintiff alleges that the payments constitute preferential or recoverable transfers. Plaintiff relies on the following authorities: 1) 11 U.S.C. § 544[1] and S.C. Code Ann. § 27-23-10 for fraudulent transfers; 2) § 547 for preferences; 3) § 549 for a post-petition transfer; and 4) § 550 for recovery to the estate.

Defendant has not yet filed an Answer and discovery has not commenced. A hearing was held on January 5, 2012, to consider Defendant's Motion to Dismiss and Motion for Summary Judgment.[2]

---

[1] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, will be by section number only.
[2] Doc. Nos. 6 & 8, filed Oct. 21, 2011. The two motions are identical and both bear the caption "Motion to Dismiss" and request relief pursuant to Rule 12(b). Therefore, the Court will only consider the pleadings as one Motion to Dismiss, despite the fact that Doc. No. 8 was entered onto the docket as a Motion for Summary Judgment.

The record before the Court indicates that on May 15, 2009 at 3:51 p.m.[3], Debtor filed a voluntary petition for Chapter 11 relief[4] that was later converted to Chapter 7 on July 27, 2009.[5] Upon conversion, Plaintiff was appointed as the Chapter 7 Trustee. Plaintiff's Complaint, filed on September 6, 2011[6], alleges that from January 2008 to December 2008, Debtor issued checks to Defendant for approximately $152,127.19 for legal fees, allegedly made payable to the Defendant individually. Plaintiff also asserts that in 2009 up to the date of the petition, Debtor issued similar checks totaling approximately $50,355.67. Of the latter amount, Plaintiff asserts that $33,911.63 in payments changed hands within 90 days prior to the commencement of the bankruptcy case and are, therefore, preferential transfers.[7] In addition, Plaintiff argues that a post-petition transfer to Defendant occurred when the Debtor paid Defendant $13,000 that was drawn from the Debtor's bank on May 18, 2009.[8]

Before he initiated this adversary proceeding, Plaintiff sent Defendant a demand letter.[9] Defendant requested more time to respond and Plaintiff consented, conditioning his consent on the execution and filing of a consent order tolling the statute of limitations for "demand for payment for preferences, fraudulent transfer, and post petition transfers."[10] Defendant eventually responded to the demand in correspondence sent approximately two months after the consent order was filed with the Court. Defendant advised Plaintiff that he would not heed the demands because the payments from the Debtor were intended for and received by the law firm, "Harry A. Swagart, III, P.C." ("Firm"), not Defendant

---

[3] Doc. No. 1, C/A No. 09-03719 (electronic time stamp for Debtor's Chapter 11 Voluntary Petition).
[4] *In re Outdoor RV and Marine, LLC, a Limited Liability Corp.*, C/A No. 09-03719-HB (Bankr. D.S.C. 2009).
[5] Doc. No. 85, C/A No. 09-03719.
[6] Doc. No. 1.
[7] February 15, 2009, was ninety (90) days prior to commencement of the bankruptcy case.
[8] Doc. No. 1 at 4, ¶ 9.
[9] Doc. No. 7, Ex. 1.
[10] *Id.* at Ex. 2; *see also* Doc. No. 322, C/A No. 09-03719 (entered May 3, 2011).

2

individually.[11] He further asserted that since no action was commenced against the Firm within the statute of limitations prescribed under § 546(a)[12], the Firm could not be pursued and the tolling agreement was not effective to preserve any such claims.[13]

Thereafter, Plaintiff filed his Complaint against Defendant individually. Defendant responded by filing the instant Motion, contending that all causes of action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), as Plaintiff has failed to state a claim for relief. The Motion was accompanied by a Memorandum in Support of the Motion to Dismiss.[14] The Memorandum attached documents and the Defendant's affidavit as exhibits. Therefore, pursuant to Fed. R. Civ. P. 12(d), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012, the Court will consider the Motion and memorandum of law supporting thereof as a motion for summary judgment.[15]

Defendant argues that the tolling agreement saves for litigation only recovery under those Code sections specifically mentioned in Plaintiff's letter[16], which does not include any cause of action under § 544. Defendant also presented substantive challenges to the Complaint. With respect to the preference action, Defendant asserts that the transfers were not on account of any antecedent debts because the Debtor owed the Firm for the work in

---

[11] *Id.* at Ex. 3.

[12] This provision states that "[a]n action or proceeding under section 544 . . . of this title may not be commenced after the earlier of— (1) the later of— (A) 2 years after the entry of to order for relief . . ." 11 U.S.C. § 546(a)(1)(A).

[13] Doc. No. 7, Ex. 3 (letter from Defendant to Plaintiff stating "[b]ecause no claim was filed against [Firm] within two years of the entry of the order for relief, I believe that the statute of limitations in 11 U.S.C. § 546(a) has run on all claims against the firm . . ."). At the hearing, Plaintiff's counsel did not disagree with Defendant's position that the statute of limitations has run for actions against the Firm and that the tolling agreement applies only to Defendant.

[14] *Id.*, filed Oct. 21, 2011.

[15] The Federal Rules provide "[i]f on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (2011).

[16] Doc. No. 7, Ex. A at 2, ¶¶ 5-6 (affidavit asserting that Defendant "had a short communication with the Trustee or his attorney, who agreed to the extension of time to respond *to the matters in the letter* on the condition that I agree to toll the statute of limitations . . . At no time did we discuss any transfers not mentioned in the letter . . .") (emphasis in original)

3

question and never owed the Defendant individually. Consequently, if he received any payments, they could not have been made on account of an antecedent debt owed to him.[17] For the post-petition transfer claim, Defendant asserts that any such transfer did not occur after the bankruptcy because, according to applicable law, the transfer is deemed to have occurred when the payment is received, not when the payment is issued from the transferor's bank. Therefore, Defendant argues that because he received the payment prior to the time the petition was filed, it does not constitute a post-petition payment.[18] Lastly, with regard to the recovery action, Defendant asserts that he was not the entity for whose benefit the transfers (payments) were made because the payments were intended to benefit the Firm and all checks from the Debtor were deposited into the Firm's account. Further, Defendant argues that if he is the initial transferee of the payments, then he was merely a conduit through which the funds were passed because he did not have dominion or control over the transferred funds.

A review of Plaintiff's actions in response to Defendant's Motion and Memorandum is necessary, as Defendant has challenged the sufficiency of that response. Shortly after Defendant's original pleadings were filed, the Clerk's Office issued a hearing notice to the interested parties, scheduling a hearing on the matter for December 8, 2011.[19] Plaintiff then filed a timely Objection to the Motion to Dismiss on November 28, 2011.[20] The Objection responded to the Motion and Memorandum and addressed certain legal and factual issues including: 1) the scope and meaning of the consent order; 2) the sufficiency of the

---

[17] *Id.* at Ex. A at 4, ¶ 16 (affidavit asserting that Defendant "never personally invoiced the Debtor for legal serviced [he] performed, and the Debtor has never been indebted to [him] personally.").
[18] *Id.* at 3, ¶ 14 (affidavit asserting that Debtor "received the May 15, 2009, check on that date well before the 4:41 p.m. filing of Debtor's bankruptcy petition). However, as noted above, the Court's records indicate that the petition was filed at 3:51 p.m. *See supra* at 2.
[19] Doc. No. 9, entered Oct. 25, 2011.
[20] Doc. No. 11; *see also* Doc. No. 9 (setting objection deadline for Nov. 28, 2011).

4

allegations of the Complaint; 3) the "date of honor" rule for determining when a transfer by check occurred; and 4) the issue of whether the Defendant is the initial transferee as well as the entity for whose benefit the transfers were made (not a mere conduit). In his Objection, the Plaintiff also asked the court that "[i]f the Court converts the Motion to Dismiss to a Motion for Summary Judgment, the Trustee requests that he be allowed to complete discovery and that he be allowed to submit affidavits in response to the Motion."[21] The hearing on this matter was later continued to January 5, 2012, upon the request of the Plaintiff with the Defendant's consent.[22]

At 2:12 p.m. on the day before the continued hearing, Defendant filed a Reply Memorandum of Law asserting that the Court should grant summary judgment in his favor.[23] Defendant argues that the Plaintiff's request for discovery should not be considered because it is insufficient to meet the requirements of Fed. R. Civ. P. 56(d). Further, Defendant contends that the Court should consider the assertions set forth in his affidavit attached to his Memorandum as undisputed under Fed. R. Civ. P. 56(e) because they were not addressed by the Plaintiff.

At the hearing, the Plaintiff again argued that summary judgment is premature because Defendant has not answered and no discovery has occurred. He argued that discovery is needed to verify and contest the factual allegations found in Defendant's filings. At the time of the hearing, Plaintiff had not received effective notice of Defendant's

---

[21] *Id.* at 7.
[22] Doc. No. 13, entered Dec. 5, 2011.
[23] Doc. No. 16, filed Jan. 4, 2012. The local rules require "[a]ny memorandum or brief . . . filed by the parties in instances where they have determined that a memorandum would materially assist the Court in its determination of the issues [to] be filed and simultaneously served . . . no later than seven (7) days prior to the hearing on the matter , unless otherwise ordered by the Court." SC LBR 9013-2. At the hearing on this matter, the Court permitted the Defendant's Supplemental Brief to be included for consideration and granted the Plaintiff time to respond with regard to those issues raised in the Defendant's Supplemental Brief. Hr'g Mins. (Jan. 5, 2012).

5

pleading filed the afternoon before, so the Court granted him fourteen (14) days to file a response. Within the allowed time, Plaintiff filed a Sur-Reply Memorandum ("Reply Brief")[24] repeating and supplementing his prior arguments. The Reply Brief specifically argued that his failure to submit a Rule 56(d) affidavit does not overcome the fact that summary judgment would be premature on these facts and that the content of Defendant's affidavit is insufficient to establish that there are no genuine issues of material fact. In addition, the Reply Brief attached an affidavit of the Chapter 7 Trustee[25], which set forth a detailed description of necessary discovery.

As an initial matter, the Court must determine whether Defendant's request for summary judgment is premature and further, whether the Plaintiff's failure to timely comply with Rule 56(d) precludes that request. The Federal Rules of Civil Procedure provide a framework for considering motions to dismiss that include factual information beyond the pleadings. Pursuant to Rule 12(d), "[i]f on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, "[a]ll parties must be given a *reasonable opportunity* to present all the material that is pertinent to the motion." *Id.* (emphasis added).

Summary judgment is appropriate when the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on

---

[24] Doc. No. 18, filed Jan. 19, 2012.
[25] *Id.* at Ex. A.

6

the matters stated." Fed. R. Civ. P. 56(c).  If the movant uses an affidavit to support its motion and the nonmovant fails to properly address the movant's assertions of fact in the affidavit, the court may:

> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that movant is entitled to it; or
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).  If a party wishes to oppose a Motion for Summary Judgment on the ground that additional discovery is necessary, Rule 56(d)[26] provides that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Despite the fact that discovery has not commenced in the instant proceeding, the Court has the ability to consider a motion for summary judgment. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253 260-61 (4th Cir. 1998) (upholding the district court's grant of summary judgment on a "Motion to Dismiss, or, in the alternative, Motion for Summary Judgment" when the nonmovant did not file a Rule 56(d) affidavit because the nonmovant was on notice that the motion might be treated as one for summary judgment due to the caption alone and because the movant submitted affidavits and other materials with and its motion, requiring under Rule 12 that it be treated as one for summary judgment. "Because appropriate notice was ample, [nonmovant]'s attorney had the responsibility, if he

---

[26] Rule 56 was amended effective December 1, 2010.  The amendments moved the substance of former subsection (f) to current subsection (d) without making material any change. *Radi v. Sebelius*, 434 F. App'x 177, 179 (4th Cir. 2011).

7

thought further discovery was necessary to adequately oppose summary judgment, to make a motion under Rule [56(d)]."); *see also Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958-61 (4th Cir. 1996) (finding that that the district court properly granted summary judgment, even though the defendant moved for dismissal or summary judgment before the plaintiff conducted discovery, because despite the fact that the plaintiff's memorandum in opposition referred to a lack of opportunity for discovery, she did not file a Rule 56(d) affidavit, did not file any discovery requests nor move for a continuance). There is nothing that specifically precludes the Court from considering summary judgment at this stage, even though the general precept is that summary judgment should not be granted if "the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus. Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (stating that is inappropriate for a court to go beyond the pleadings in a 12(b)(6) motion to convert it to a motion for summary judgment under Rule 56 if the parties have not had an opportunity for reasonable discovery (citing *Gay v. Wall*, 761 F.2d 175, 178 (4th Cir. 1985))). Furthermore, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans*, 80 F.3d at 961).

In *Harrods Ltd.*, the district court granted summary judgment to six defendants at the beginning of discovery in an *in rem* trademark suit brought by Harrods UK. *Id.* at 242. In its opposition to the motion for summary judgment, as well as during a hearing, Harrods UK repeatedly stated that it needed to undergo discovery in order to obtain evidence that the defendants acted in bad faith. However, Harrods UK never submitted a Rule 56(d) affidavit.

8

*Id.* at 245–46. Despite this, the district court's decision to grant early summary judgment was not based on Harrods UK's failure to file a Rule 56(d) affidavit. Rather, the district court's holding was based on the fact that discovery was not needed to resolve the case as to those six defendants. *Id.* at 246. In reviewing the district court's decision to determine whether it prematurely granted summary judgment, the Fourth Circuit noted that:

> Harrods UK made it clear to the district court in the summary judgment proceedings that its case hinged on its ability to establish [defendant] Harrods BA's bad faith, which is a fact-specific issue. Harrods UK repeatedly explained to the district court both in writing and orally that more discovery was needed and that it was too early to decide the motion for summary judgment. The district court was thus fully informed about why Harrods UK was requesting the normal time to conduct discovery, and the absence of a Rule [56(d)] affidavit did not figure in the court's decision to grant early summary judgment to the six [defendants]. In these circumstances, the purposes of Rule [56(d)] were served. As a result, it would be unfair to penalize Harrods UK for failing to file the formal affidavit called for by the rule.

*Id.*

However, the court also emphasized that "[a]lthough the particular circumstances of this case mean that Harrods UK will not be penalized for failing to state its case for more discovery in an affidavit, we hasten to add that parties who ignore Rule [56(d)]'s affidavit requirement do so at their own peril." *Id.,* 246 n. 19. Further, while the specific facts of *Harrods Ltd.* led the Fourth Circuit to conclude that the plaintiff's efforts had served the purpose of the Rule [56(d)] affidavit, the court specifically reiterated and preserved the principle that the "our court expects full compliance with Rule [56(d)] and that the 'failure to file an affidavit under Rule [56(d)] is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Id.* (quoting *Evans*, 80 F.3d at 961).

In the instant case, Defendant is requesting summary judgment rather early in the life of this case. In his initial objection, the Plaintiff asserted that more time is needed for

9

discovery. Although this was a general request, Plaintiff reiterated this need at the hearing and subsequently filed an affidavit indicating specific facts and areas that need further development through the discovery process. Therefore, after a review of the record and considering that this adversary proceeding is in its infancy, the Court finds that the Plaintiff has sufficiently and effectively requested more time for discovery and the purposes of Fed. R. Civ. P. 56(d) have been fulfilled. However, like the court in *Harrods Ltd.*, this Court will now examine whether discovery will serve a purpose or if summary judgment is appropriate at this stage as a matter of law. *Id.* at 246.

This examination calls into question Plaintiff's third cause of action, wherein he alleges that a check dated May 15, 2009 (the date the petition was filed at 3:51 p.m.) for $13,000 made payable to Defendant from the Debtor is avoidable as a post-petition transfer under § 549 because it was honored by Debtor's bank on May 18, 2009, three days after the petition was filed. Section 549 states that "the trustee may avoid a transfer of property of the estate—(1) that occurs after the commencement of the case; and (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or (B) that is not authorized under this title or by the court." *Id.* § 549(a). Plaintiff claims that this transaction constitutes a post-petition transfer because, pursuant to *Barnhill v. Johnson*, 503 U.S. 392, 400, 112 S. Ct. 1386 (1992) (holding that for purposes of § 547(b), a check is deemed to have been transferred when it is honored by the drawee's bank), the transfer is deemed to have occurred when the check was honored by the Debtor's bank. On the other hand, Defendant claims he received the check pre-petition and the controlling law is set forth in *Quinn Wholesale, Inc. v. Northern*, 873 F.2d 77 (4th Cir. 1989), *cert. den.,* 493 U.S. 851, 110 S. Ct. 151 (1989). *Quinn Wholesale* involved an action by a trustee to recover under § 549(a)(1) a payment made by a check one

10

day prior to filing of the petition. *Id.* at 78. The issue was whether, for the purpose of § 549(a), the transfer occurred on the pre-petition date of delivery, or on the post-petition date of payment of the check by the debtor's bank. Relying on *In re Continental Commodities, Inc.*, 841 F.2d 527 (4th Cir. 1988) (holding that date of delivery rule applies to transfers under § 547(c)), the Fourth Circuit affirmed the district court's holding that the transfer was deemed to have occurred when the check was delivered.

The Fourth Circuit case of *Quinn Wholesale* has not been overruled.[27] Defendant states that he "received the May 15, 2009, check on that date and well before the 4:41 p.m. filing of Debtor's bankruptcy petition."[28] However, the Court's records indicate that Debtor's bankruptcy petition was actually filed at 3:51 p.m.[29] Consequently, even taking the Defendant's asserted facts as true, the Court cannot conclusively determine that Defendant received the check pre-petition. Accordingly, the Court cannot grant summary judgment for this cause of action.

Furthermore, after a review of the record and applicable law, the Court finds that summary judgment is not appropriate at this time for any remaining causes of action. Pursuant to Rules 56(d)(1) and (e)(1), the Court finds that Plaintiff's request to allow time for discovery should be granted before the Court further considers Defendant's summary judgment request.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion for Summary Judgment is **denied** at this time. Pursuant to Fed. R. Bankr. P. 7012(a), Defendant must file

---

[27] *But see In re Oakwood Markets, Inc.*, 203 F.3d 406 (6th Cir. 2000) (recognizing that *Barnhill* was not controlling, but independently holding that "adoption of the date of honor rule in the context of 11 U.S.C. § 549(a) is appropriate because this rule encourages the prompt submission of checks to the bank, and provides a date certain upon which parties to the transfer can rely and upon which courts can base a ruling in the event of litigation."); *In re Rainbow Music, Inc.*, 154 B.R. 559 (Bankr. N.D. Cal. 1993) (applying date of honor rule for post-petition transfers under § 549).
[28] Doc. No. 7, Ex. A at 3, ¶ 14 (emphasis added)
[29] *See supra* at 2.

11

and serve an Answer or other responsive pleading within fourteen (14) days of entry of this order. The parties are further required to comply with the Court's standard Initial Case Management Order[30] within 14 days after the close of the pleadings.

    **AND IT IS SO ORDERED.**

---

[30] Form order attached hereto as Exhibit 1.

# **EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH CAROLINA**

| In re: | |
|---|---|
| Debtor(s). | |
| Plaintiff(s), | **INITIAL ADVERSARY PROCEEDING CASE MANAGEMENT ORDER** |
| v. | |
| Defendant(s). | |

**TO: ALL PARTIES TO THE ADVERSARY PROCEEDING SET FORTH ABOVE:**

The above-captioned proceeding was filed with this Court on ___. The issues having been joined, the Court enters this Order to expedite the disposition of this proceeding. **The parties shall complete the actions as directed below and report compliance to the Court in writing:**[1]

    1.    In accordance with Fed. R. Civ. P. 26, made applicable pursuant to Fed. R. Bankr. P. 7026, the parties must confer to consider the matters required in that Rule, including the possibilities for a prompt settlement or resolution of the case and the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and shall report that compliance is complete;

    2.    The parties shall, for the purpose of issuance of a scheduling order due under Fed. R. Civ. P. 16(b), made applicable pursuant to Fed. R. Bankr. P. 7016, report the period of time needed for discovery;

    3.    All parties must ensure that they have met the requirements of Fed. R. Bankr. P. 7007.1[2] and report compliance. If it is the position of the party or parties that the rule is inapplicable, the report shall include a statement to that

---

[1] For Judge Burris, reports must be filed on the Court docket via CM/ECF under the "correspondence" event.
[2] Compliance with Fed. R. Bankr. P. 7007.1(a), if applicable, is due with a party's first appearance pursuant to Fed. R. Bankr. P. 7007.1(b).

effect, summarizing any disputes;

      4.     All parties must ensure that they have met the requirements of Fed. R. Bankr. P. 7008(a), and shall report compliance.  If the adversary proceeding involves non-core issues and/or if there is a dispute as to the core/non-core nature of the proceeding, the report shall summarize that dispute;

      5.     All parties shall review the case of *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and report whether that decision presents any challenges to entry of a final order or judgment by the bankruptcy court, and the report shall summarize any disputes.

**AND IT IS SO ORDERED**.